**FUSELIER et al. v. UNITED STATES.**

Civ. A. 2660.

United States District Court
W. D. Louisiana, Lake Charles Division.

April 14, 1953.

472

Plauché & Stockwell, Lake Charles, La., for plaintiffs.

William J. Fleniken, U. S. Atty., Mason P. Gilfoil, Asst. U. S. Atty., Shreveport, La., and Sol B. Pressburg, Special Atty., Alexandria, La., for defendant.

DAWKINS, Chief Judge.

Plaintiffs claim the sum of $3,890 as the cost of removing certain concrete emplacements and earthen works constructed on their property under a contract of lease and for damages to or destruction of merchantable timber during the period of the lease by the Government for military purposes.

When the case was first submitted, the only evidence offered was that by plaintiffs to establish the cost of removing those obstructions. Neither side introduced proof as to what the effect of the failure to do so would be upon the market price of the whole tract or of the 5.53 acres here involved. The evidence was undisputed that the entire property was valuable chiefly for rice-farming and the remainder would not be affected for that purpose by the elimination of this small acreage from the remainder of 154.47 acres.

The court, therefore, of its own motion reopened the case to permit either side to show what the effect would be of the failure to remove the obstructions upon the market price of the whole tract and of the small acreage where the obstructions were left. The plaintiffs declined on this second hearing to offer any evidence as to damages, insisting that they were entitled to recover the full cost of removal, which they had shown to be $3,890. The defendant then proved that the damage, if the concrete emplacements and embankments, etc., remained, would not exceed the sum of $55 an acre for 5.53 acres. The plaintiffs presented no countervailing evidence on this score and it must therefore be assumed that the figures established by the Government are correct. The difference, it is believed, justifies the court's act in reopening the case.

Plaintiffs insist that the contract by which the Government gained possession imposed the implied obligation to return the property in the same condition as when received, ordinary wear and tear excepted. Generally speaking, this may be conceded. The agreement, dated September 1, 1943, is headed "Land Lease" between the plaintiffs and the defendant and,,

after describing the land by governmental subdivisions, it declares that it was "to be used for * * * Military Reservation" and was "for the term beginning *September 1, 1943* through *June ·30, 1943*" (a patent error, evidently 1944 was intended) and renewal from year to year at the option of the Government, but in "no event extend beyond six months after the date of termination of the unlimited present national emergency as declared by the · President * * * May 27, 1941".

Section 5 of the lease is quoted as follows:

"The Government shall have the right, during the existence of this lease, to attach fixtures, and erect structures or signs, in or upon the premises hereby leased, which fixtures and structures, or signs, so placed in, upon or attached to the said premises shall be and remain the property of the Government and *may be removed or otherwise disposed of by the Government.*" (Emphasis supplied.)

Section 10 reads: .

"This lease will not operate against the owner from submitting a claim for damage done to timber or land during the terms of this lease."

### The Law

The Louisiana Statutes Annotated—Civil Code, Articles 1926 and 1927, dealing with the obligations of contracts generally are quoted:

"On the breach of any obligation to do, or not to do, the obligee is entitled either to damages, or, in cases which permit it, to a specific performance of the contract, at his option, or he may require the dissolution of the contract, and in all these cases damages may be given where they have accrued, according to the rules established in the following section.

"In ordinary cases, the breach of such a contract entitles the party aggrieved only to damages, but where this would be an inadequate compensation, and the party has the power of performing the contract, he may be constrained to a specific performance by means prescribed in the laws which regulate the practice of the courts."

See, also, Articles 1930 and 1931.

It thus appears that, while the obligee of a contract may claim damages or specific performance when it is breached, ordinarily he is relegated to the former, unless the equities of the case require performance. The test is, subject to some measure of discretion in the Court (see authorities cited in footnotes No. 7 and 16 of Article 1927 of West's 1952 Edition of the Louisiana Civil Code), whether the complainant can be adequately compensated in money damages. This means the loss which he has sustained by the breach, even in cases where there are express stipulations to do or to refrain from performing some act has been breached. In this instance the obligation to remove the obstructions is not expressed, but plaintiffs contend it arises by necessary implication, which, for the purposes of this case, may be conceded. Still this does not take it outside the general rule restricting the right to the recovery of damages if there is an adequate remedy at law. There are no elements of aesthetical considerations which remove the matter from that category. Clearly the expenditures of $3890 would add only about $300 to the value of the property for any purpose for which it was fitted at the time of the expiration of the lease and breach of the contract.

The plaintiffs can now use the property, except the small acreage indicated, for all purposes for which it was available prior to the lease and to allow recovery of the cost of removal would simply result in their enrichment to the extent of some $3,500 in excess of the actual loss, which they could spend or not as they saw fit for removing the obstructions.

The lease expressly declares that it "will not operate against the owner from submitting a claim for damage done to timber or land during the terms of this lease". While this does not constitute a concrete promise to pay such damages, it is a recognition that they may be accorded, if proven, and the right is enforceable under the provisions of the Tucker Act, 24 Stat. 505, c. 359, 28 U.S.C.A. § 1346.

Plaintiffs are entitled to judgment for 5.53 acres at $55 per acre as damages to

474

the land due to the failure to remove obstructions and the value of the timber and other expenditures for changing the irrigation are stipulated in the record.

Proper decree may be presented.